UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

Jose J. Reyes,
and other similarly situated individuals,

      Plaintiff (s),

v.

Mills Construction
& Improvements, LLC,
and Judson Mills, individually

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

      COMES NOW the Plaintiff Jose J. Reyes and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Mills Construction & Improvements, LLC, and Judson Mills, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid wages, failure to pay overtime under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Jose J. Reyes is a resident of Marion County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Mills Construction & Improvements, LLC (from now on, Mills Construction, or Defendant) is a Florida Profit Corporation having a business in Ocala, Marion County, Florida.  Defendant is engaged in interstate commerce.

4.  The individual Defendant Judson Mills was and is now the owner/partner and operator of Mills Construction. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this Complaint took place in Marion County, Florida, within this Court's jurisdiction.

<u>Allegations Common to All Counts</u>

6.  This cause of action is brought by Plaintiff Jose J. Reyes as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff,

and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after May 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant Mills Construction is a construction company specializing in residential and commercial new construction, remodeling work, and general construction work.

8. Defendants Mills Construction and Judson Mills employed Plaintiff Jose J. Reyes as a construction laborer, from approximately January 06, 2018, through January 5, 2021, or 3 years.  However, for FLSA purposes, the relevant employment period is 138 weeks.

9. Plaintiff was a non-exempted, full-time employee.  During the relevant employment period, Plaintiff was paid at the rate of $1,300.00 weekly.

10. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays. Plaintiff worked from Monday to Friday from 7:00 AM to 6:00 PM (11 hours daily). On Saturdays, Plaintiff worked from 7:00 AM to 4:00 PM (9 hours).  Plaintiff completed a minimum of 58 working hours every

week. Plaintiff has deducted 1 hour of lunch break that he took every day.

11. Plaintiff worked more than 40 hours every week. Nevertheless, he was paid $1,300.00 weekly regardless of the number of hours worked during the week.  Plaintiff was not paid for overtime hours.

12. The Defendants did not maintain a timekeeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours because Plaintiff and other similarly situated were monitored by the owner of the business Judson Mills and his supervisory staff.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Also, Plaintiff was not paid regular wages for approximately five weeks. Plaintiff accumulated regular unpaid wages for the total amount of $6,500.00 ($1,350.00 weekly x 5 weeks=$6,500.00).

15. Plaintiff was paid strictly in cash without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes deducted, etc.

16. Plaintiff was not in agreement with the irregular payment of his wages and the lack of payment for overtime hours, and he complained to the owner of the business JUDSON MILLS several times.

17. On or about January 05, 2021, Plaintiff was forced to look for another employment since he was not receiving his regular wages.

18. Plaintiff Jose J. Reyes seeks to recover accumulated regular wages for the value of $6,500.00, unpaid overtime hours, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked more than forty (40) hours during one or more workweeks during the relevant period, but who did not receive minimum wages and payment at one and one-half times their regular rate for their hours worked over forty (40) hours.

<u>Collective Action Allegations</u>

20. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

22. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C.
§ 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL
DEFENDANTS</u>

23. Plaintiff Jose J. Reyes re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. Plaintiff Jose J. Reyes brings this action, and those similarly situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

25. The employer Mills Construction was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

26. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the

meaning of the FLSA. Also, Plaintiff handled and worked on goods

and materials and materials that were moved across State lines at any

time during business. Therefore, there is individual coverage.

27. Defendants Mills Construction and Judson Mills employed Plaintiff

Jose J. Reyes as a construction laborer, from approximately January

06, 2018, through January 5, 2021, or 3 years.  However, for FLSA

purposes, the relevant employment period is 138 weeks.

28. Plaintiff was a non-exempted, full-time employee.  During the

relevant employment period, Plaintiff was paid at the rate of $1,300.00

weekly.

29. While employed by Defendants, Plaintiff had a regular schedule.

Plaintiff worked six days per week from Mondays to Saturdays, a

total of 58 hours weekly.  Plaintiff has already deducted 1 hour of

lunch break that he took every day.

30. Plaintiff worked more than 40 hours every week. Nevertheless, he

was paid $1,300.00 weekly regardless of the number of hours worked

during the week.  Plaintiff was not paid for overtime hours.

31. Defendants did not maintain a timekeeping method. Plaintiff did not

clock in and out, but Defendants were able to track the hours worked

for Plaintiff because Plaintiff and other similarly situated employees were constantly monitored by owner Judson Mills.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid strictly in cash without any record or paystub showing the number of days and hours worked, wage rate, employees' taxes deducted, etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal

rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime, based on his best recollections. Plaintiff will amend his calculations after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

Twenty-Seven Thousand Eight Hundred Forty-Five Dollars and 64/100 (27,845.64)

   b. <u>Calculation of such wages</u>:

Total weeks of employment: 156 weeks
Relevant number of weeks: 138 weeks
Total hours worked: 58 hours weekly
Overtime hours weekly: 18 O/T hours weekly
Paid: $1,300.00: 58 hours = $22.42 an hour
Regular rate: $22.42 x 1.5=$33.63 O/T rate
O/T rate $33.63-$22.42 O/T rate paid=$11.21 half-time difference.

Half-time $11.21 x 18 O/T hours=$201.78 weekly
$201.78 weekly x 138 weeks=$27,845.64

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for hours worked over forty.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant Judson Mills was, and is now, the owner/director and manager of Defendant Corporation Mills Construction. Individual Defendant Judson Mills had absolute operational control of Mills Construction. Individual Defendant Judson Mills was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Mills Construction concerning its employees, including Plaintiff and others similarly situated, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants Mills Construction and Judson Mills willfully and intentionally refused to pay Plaintiff Jose J. Reyes overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff seeks to recover for unpaid overtime wages accumulated from hire to his last day of employment.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose J. Reyes and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jose J. Reyes and other similarly situated and against the Defendants Mills Construction and Judson Mills, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Jose J. Reyes an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Jose J. Reyes reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff Jose J. Reyes and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff Jose J. Reyes re-adopts every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

45. This action is brought by Plaintiff Jose J. Reyes and those similarly situated to recover from the Employer Mills Construction unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

46. The employer Mills Construction was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic

transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

47. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

48. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. Defendants Mills Construction and Judson Mills employed Plaintiff Jose J. Reyes as a construction laborer, from approximately January 06, 2018, through January 5, 2021, or 3 years.  However, for FLSA purposes the relevant employment period is 138 weeks.

50. Plaintiff was a non-exempted, full-time employee.   During the relevant employment period, Plaintiff was paid at the rate of $1,300.00 weekly.

51. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week from Mondays to Saturdays, a total of 58 hours weekly. Plaintiff has already deducted 1 hour of lunch break that he took every day.

52. Plaintiff worked more than 40 hours every week. Nevertheless, he was paid $1,300.00 weekly regardless of the number of hours worked during the week.

53. While employed by Defendants, Plaintiff worked more than 40 regular hours every week. However, for five weeks, Plaintiff did not receive his regular wages, at any rate, not even at the minimum wage rate, as established by the FLSA.

54. Defendants did not maintain a timekeeping method. Plaintiff did not clock in and out, but Defendants were able to track the hours worked

for Plaintiff because Plaintiff and other similarly situated employees were constantly monitored by owner Judson Mills.

55. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

56. Plaintiff was paid strictly in cash, without any record or paystub providing basic information about the number of days and hours worked, wage rate, employees' taxes withheld, etc.

57. The records, if any, concerning the number of hours worked by Plaintiff Jose J. Reyes and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

58. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Seven Hundred Twelve Dollars and 00/100
       ($1,712.00)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 138 weeks
       Total unpaid weeks:   5 weeks
       Total hours worked: 58 hours
       Federal minimum wage:  $7.25
       Florida minimum wage 2020:  $8.56

       2020 Fl. min. wage $8.56 x 40 hrs.= $342.40 weekly x 5
       weeks=$1,712.00

    c. <u>Nature of wages:</u>

       This amount represents unpaid minimum wages.

60. Defendant Mills Construction unlawfully failed to pay Plaintiff minimum wages.   Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last employment date.

61. Defendant Mills Construction knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's

employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

62. At times mentioned, individual Defendant Judson Mills was, and is now, the owner/director and manager of Defendant Corporation Mills Construction. Individual Defendant Judson Mills had absolute operational control of Mills Construction, and he is jointly liable for Plaintiff's damages.   Individual Defendant Judson Mills was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, individual Defendant Judson Mills acted directly in the interest of Mills Construction concerning its employees, including Plaintiff and others similarly situated, and he is jointly liable for Plaintiff's damages.

63. Defendants Mills Construction and Judson Mills willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.  Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

WHEREFORE, Plaintiff Jose J. Reyes and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jose J. Reyes and against the Defendants Mills Construction and Judson Mills based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jose J. Reyes and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED:  May 31, 2021,

Respectfully Submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*