UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 21-cv-00299-JSM-PRL

Jose J. Reyes,
and other similarly situated individuals,

    Plaintiff (s),

v.

Mills Construction
& Improvements, LLC,
and Judson Mills, individually

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff, Jose Reyes, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendants Mills Construction & Improvements, LLC and Judson Mills and state as follows:

1. On or about May 31, 2021, Plaintiff brought the above titled action against the Defendants, Defendants Mills Construction & Improvements, LLC and Judson Mills individually, to recover

overtime compensation, minimum wages, liquidated damages, and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") [D.E. 1].

2. On June 22, 2021, the Summons(es) and Complaint in this cause were duly served, upon the Defendants Mills Construction & Improvements, LLC and Judson Mills. Accordingly, Defendants' Answers were due on or before July 13, 2021.

3. On September 16, 2021, this Honorable Court entered an order instructing Defendant Judson Mills to file a response by October 18, 2021. Additionally, the Court instructed Corporate Defendant Mills Construction & Improvements, LLC to have counsel appear in this case by October 18,2021 because corporations are unable to proceed pro se. Furthermore, the Court warned that failure to have counsel appear by the above deadline may result in a default being entered against Mills Construction & Improvements, LLC.

4. Up to this date, Defendant Mills Construction & Improvements, LLC has failed to obtain counsel and Defendant Judson Mills has failed to respond to the complaint.

5. "[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by a counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

6. The Defendant, Defendant Mills Construction & Improvements, LLC, cannot defend itself. *see Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985).*

7. A Clerk's Default [D.E. 15] was entered on October 21, 2021 against Defendants Mills Construction & Improvements, LLC and Judson Mills

8. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

9. In addition, Section 7 of the FLSA, 29 U.S.C.A. §207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d

900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b).

10. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

11. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [ Exhibit "A"].

12. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

13. Defendant failed to pay Plaintiff at least $29,557.64 during the period of time in which Plaintiff was working for Defendant, which well within the statute of limitations provided for under the FLSA as a

matter of law. Plaintiff also seeks to recover the amount of $29,557.64 in liquidated damages.

14. Additionally, Plaintiff seeks to recover, attorney fees ($6,260.00) and costs ($842.00), for a total amount of $66,067.28 as judgment against Defendants.

15. Plaintiff claims judgment by default for failure of Defendants Mills Construction & Improvements, LLC and Judson Mills to file or serve any papers in the action or otherwise plead.

## MEMORANDUM OF LAW

### I. Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517,*9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded

allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court,

such a hearing may be unnecessary." Id. (citing Smyth, 420 F. 3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

## Statutory Basis for FLSA Claims

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiff is entitled to be paid for each hour that Plaintiff worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendants willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay overtime wages and minimum wages properly under the law (Count I & II).

Plaintiff Jose J. Reyes, worked for Defendants from January 6, 2018 to January 5, 2021, and is owed $27,845.64 in overtime; plus $1,712.00 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff) and $29,557.64 in liquidated damages.

### Damages Under The FLSA

The FLSA provides for the recovery of unpaid wages, back pay and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207.

Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendants.

### Attorney's Fees and Costs

The FLSA provides that the Plaintiff is entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 15.65 hours pursuing Plaintiff's claim against Defendants. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $7,102.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the $400.00 hourly rate has consistently been approved this year as reasonable by this Court, as well as courts in the Southern and Northern Districts of Florida.

The law firm of Zandro E. Palma, P.A. has also expended $842.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 17; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiff's claims against

Mills Construction & Improvements, LLC and Judson Mills, individually amounts to $7,102.00 ($6,260.00 + $842.00).

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendants with respect to the FLSA claims in the amount of $59,115.28 for Plaintiff and $7,102.00 in attorney's fees and costs; as well as post- judgment interest, and for such other relief as this Court deems just and proper.

Dated: November 22, 2021.

        Respectfully submitted,
        ZANDRO E. PALMA, ESQ.
        Florida Bar No.: 0024031
        zep@thepalmalawgroup.com
        ZANDRO E. PALMA, P.A.
        9100 South Dadeland Boulevard
        Suite 1500
        Miami, Florida 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Zandro E. Palma
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
*Attorney for Plaintiff*

## SERVICE LIST
## CASE NO: 21-cv-00299-JSM-PRL

Mills Construction & Improvements, LLC
Through Its Registered Agent
Judson Mills
7280 HWY 200
OCALA, FL 34476
*Defendant*

Judson Mills
7280 HWY 200
OCALA, FL 34476
*Defendant*

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiffs*