UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE J. REYES,

    Plaintiff,

v.                                            Case No: 5:21-cv-299-JSM-PRL

MILLS CONSTRUCTION &
IMPROVEMENTS, LLC and JUDSON
MILLS,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. 16). For the reasons below, the Court will grant the motion and enter final default judgment in Plaintiff's favor.

## FACTUAL BACKGROUND

On May 31, 2021, Plaintiff Jose J. Reyes filed a Complaint for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). On June 22, 2021, Defendants were served with a summons and a copy of the Complaint. Defendants failed to appear in this case and the Clerk entered a Default against both Defendants. Plaintiff now requests a Default Final Judgment in his favor and against Defendants.

## DISCUSSION

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

Plaintiff's Complaint (Dkt. 1) contains the allegations required to state a claim for overtime compensation under the FLSA. Specifically, Defendants Mills Construction and Judson Mills employed Plaintiff Jose J. Reyes as a construction laborer, from approximately January 6, 2018, through January 5, 2021. Reyes was paid $1,300 a week. During his employment, Reyes worked a regular schedule of six days per week. On Mondays through Fridays, he worked from 7:00 a.m. to 6:00 p.m. On Saturdays, he worked from 7:00 a.m. to 4:00 p.m. After deducting the 1-hour lunch break he took every day, Reyes worked overtime, i.e., more than forty hours in a workweek, and was not paid any overtime compensation during his employment with Defendants.

The Complaint also alleges facts establishing that Defendant Judson Mills meets the definition of an individual employer under the FLSA. *See Patel v. Warg*, 803 F.2d 632, 637-38 (11th Cir. 1986) (describing individual employer liability under the FLSA).

In addition to the Complaint's well-pled allegations, the Motion attaches Plaintiff's Declaration, which describes in detail the amount of wages he was paid regularly, the amount of hours he worked, and the amount of overtime compensation he is owed. Because Defendants failed to participate in this case, Plaintiff's Declaration is the best evidence of his hours.

With respect to his damages, Plaintiff's Declaration provides detailed calculations of the amount of unpaid compensation he is entitled to under the FLSA. To summarize, he seeks overtime compensation in the amount of $27,845.64 for the 18 overtime hours he worked each workweek. He also establishes that he is entitled to minimum wages for his regular hours for a period of five weeks in which he was not paid any compensation. This amounts to minimum wages of $1,712. The total damages, unliquidated, are therefore $29,557.64.

Plaintiff seeks liquidated damages in an equal amount of the unpaid compensation. Under FLSA Section 216(b), an employee who was not paid overtime or minimum wages shall receive an amount equal to the unpaid wages in liquidated damages. *See, e.g., Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1573 (11th Cir. 1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate the FLSA's overtime provisions. *Id.; see also* 29 U.S.C. § 260. Defendants failed to contest Plaintiff's entitlement to this compensation and Defendants have not asserted that they acted in good faith or that they reasonably believed that they complied with the FLSA's provisions. So, the Court agrees that Plaintiff is entitled to liquidated damages.

Finally, Plaintiff seeks attorney's fees and costs as the prevailing party in the total amount of $7,102, which the Court awards. Notably, the fees and costs are supported by Plaintiff's counsel's Declaration, including his time sheets. After review of those time entries, the Court concludes that the amounts are reasonable.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Dkt. 16) is GRANTED.

2. Plaintiff is awarded total damages in the amount of $59,115.28 for unpaid compensation under the FLSA, including liquidated damages, and Plaintiff's counsel is awarded attorney's fees and costs in the amount of $7,102, for a total judgment of $66,217.28.

3. The Clerk of Court is directed to enter a Final Default Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $66,217.28.

4. The Final Default Judgment shall accrue post-judgment interest at the applicable statutory rate.

5. The Clerk of Court is further directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this December 15, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record